Dear Mr. Drost:
You have requested an opinion as to whether the City of Sulphur is obligated to place the passage or repeal of an ordinance to a vote of the electors, if the elector obtains the necessary signatures as specified in the City's home rule charter. You have included in your opinion request several exhibits, which leads to an inference that a referendum would be required. Since we do not have full access to the City of Sulphur's Home Rule Charter, our opinion is based only on the portions you have provided.
Louisiana law clearly mandates that any proposition or question submitted to the voters must be authorized by "the state constitution, by a statute of this state, or by home rule charter." La.Rev.Stat. 18:1299
(2003). The applicable portions of Sulphur's Home Rule Charter submitted to our office reads as follows:
Section 2-11. Action Requiring an Ordinance
 A. An act of the council having the force of law shall be by ordinance. An act requiring an ordinance shall include but not be limited to those which:
 . . . (16) Adopt or modify the zoning plan, maps and regulations.
 ARTICLE VI. INITIATIVE, REFERENDUM, RECALL AND REMOVAL BY SUIT.
Section 6-01. Initiative and Referendum
 The electors of the City shall have the power, except as herein restricted, to propose to the council passage or repeal of ordinances and to vote on the question it the council refuses action. This power shall not extend to the proposing or repealing of ordinances making or reducing the appropriation of money, to the repeal or reduction of the levy of any taxes or to change the salaries of City government officers or employees. The initiative power shall be exercised in the following manner
Assuming all of the signatures are obtained and the proper procedures are followed, your specific inquiry is whether the City of Sulphur is obligated to place the passage or repeal of the zoning ordinance to a vote of the electors. Under Exhibit "A," there was mention that this zoning ordinance proposition may be intended to serve as a non-binding referendum or "straw-vote." As previously stated in Attorney General Opinion No. 82-710, "the election process is not the proper mechanism to obtain the public's opinion, as opposed to a definitive determination of the public's will." Additionally, Article VI, Section 6-01, does not contain language that would infer the election would not be binding. In fact, Section 6-01 of Sulphur's Home Rule Charter specifically states "[t]he electors shall have the power to propose passage or repeal of ordinances and to vote on the question " Furthermore, subsection (A)(16) of section 2-11 (see above) specifically mandates that zoning planning be governed by the passage and repeal of ordinances. Therefore, a binding election, including the passage or repeal of the zoning ordinance, should be put before the community of registered voters.
Since Sulphur's Home Rule Charter allows the council to accept or refuse the action, this contingency of Section 6-01 must be met before the voting process can begin. It would be at this point that steps (1) through (9) of Section 6-01 would be pursued. This unique process is not only in compliance with LA.R.S. 18:1299, but also coincides with Attorney General Opinion No. 95-159. After finding no authority in the St. Bernard Home Rule Charter for such an election, the opinion noted:
 However, if the increase in the Parish President's salary were to be implemented by an amendment to the Home Rule Charter (rather than by referendum or ordinance of the council), then the proposed charter amendment could be, and legally must be, submitted to the electors of the Parish for their approval. Such submission should be in accordance with any other applicable provisions of your charter relating to the procedure for submitting charter amendments to the voters.
Therefore, it is clearly within the power of the parish to "adopt or modify the zoning plan, maps and regulations" by ordinance. Moreover the electors have the power, after the council refuses to take action, to pass or repeal ordinances by voting. Accordingly, it is the opinion of this office that if the elector is successful in obtaining the necessary signatures as provided in Section 6-01(2), as well as other provisions, then the City of Sulphur is obligated to place the passage or repeal of the zoning ordinance to a vote of the electors.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb